IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SHELBY NICHOLE ARLEDGE, *et al.*,       )
                                        )
                    Plaintiffs,         )
                                        )
        v.                              )    Civil Action No.: 2:18cv176-MHT-WC
                                        )
TERRI BOZEMAN LOVELL, *et al.*,         )
                                        )
                    Defendants.         )

# ORDER

Plaintiffs filed a document styled as a "NOTICE OF ANSWER AND COUNERCLAIM AND LIABILITY OF PLAINTFF" (Doc. 1), in which Plaintiffs appear to assert a number of claims for violations of their rights against Defendants. One of the three Plaintiffs, Arledge, filed a motion for leave to proceed *in forma pauperis*. *See* Doc. 2. The District Judge has entered an Order (Doc. 4) referring this matter to the undersigned Magistrate Judge for "consideration and disposition or recommendation on all pretrial matters as may be appropriate."

In order to properly commence an action in the United States District Court, a plaintiff must, at the time of filing the complaint, either pay the requisite civil filing fee pursuant to 28 U.S.C. § 1914(a) or submit a completed application for leave to proceed *in forma pauperis*, pursuant to § 1915(a)(1), which demonstrates the applicant's inability to prepay the full civil filing fee. At the time Plaintiffs filed their complaint, no portion of the civil filing fee was paid and only one Plaintiff requested leave to proceed *in forma pauperis*. And even insofar as Plaintiff Arledge did file such an application, the

undersigned finds it deficient, as it consists only of a blanket denial of any source of income, assets, debts, or liabilities and obligations.  Doc. 2.  As the one application before the court is insufficient and the other two Plaintiffs did not file any applications, the court is unable to assess whether Plaintiffs are entitled to proceed without prepaying the costs and fees of this action.  Consequently, Plaintiffs have not properly commenced this action.

On April 12, 2018, the undersigned entered an Order (Doc. 5) noting Plaintiffs' failure to properly initiate this action and directing each Plaintiff, before April 27, 2018, to either collectively pay the requisite civil filing fee or separately and individually complete and file an application for leave to proceed *in forma pauperis*.  Even as to Plaintiff Arledge, the court required a more fulsome accounting than was provided in the initial application for leave.  The undersigned directed the Clerk of Court to provide Plaintiffs with a copy of the appropriate form along with a copy of the Order.  The undersigned further cautioned Plaintiffs that, if they "***fail to either pay the civil filing fee or submit a completed application for leave to proceed in forma pauperis by the date set forth in this Order, the undersigned will recommend to the District Judge that the complaint be dismissed for failure to prosecute and abide by the orders of the court.***"  Doc. 5 at 2 (emphasis in original).  The deadline set by the undersigned has passed and Plaintiffs have not paid the civil filing fee, filed any long-form applications for leave to proceed *in forma pauperis*, or otherwise responded to the court's Order.  Accordingly, the undersigned finds that this matter should be dismissed for Plaintiffs' failure to properly initiate and prosecute this action and failure to follow the orders of the court.

For all of the foregoing reasons, the undersigned Magistrate Judge hereby RECOMMENDS that Plaintiff's Complaint be DISMISSED, prior to service of process, due to Plaintiff's failure to properly initiate and prosecute this action and failure to follow the orders of the court.  Further, it is

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation **on or before May 23, 2018**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

DONE this 9th day of May, 2018.


/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE